UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-035 |
| v. | * | SECTION: "H" |
| LANCE COLLINS | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

The defendant, Lance COLLINS, has agreed to plead guilty as charged to the Superseding Bill of Information charging COLLINS with Conspiracy to Distribute and Possess With the Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846. Had this matter proceeded to trial, the government would have proven beyond a reasonable doubt the allegations in the Superseding Bill of Information, namely that the defendant committed the following crimes:

In the fall of 2017, members of the Federal Bureau of Investigation's ("FBI") New Orleans Gang Task Force ("NOGTF") began investigating the distribution of narcotics in the Hollygrove neighborhood of New Orleans, located near the western boundary of Orleans Parish. The NOGTF is a federal law enforcement team comprised of both FBI Special Agents and members of state law enforcement agencies that investigates gang activity in the metropolitan New Orleans area.

The NOGTF began to investigate and conduct surveillance in 2017 at a location known as Mel's Food Store, at the intersection of Marks and General Ogden streets. Mel's Food Store had been operated by Hafiz ALKHAWAJAH since approximately 2015. ALKHAWAJAH was in the store daily, and was in charge of all of the daily aspects of maintaining the store, including but not

1

AUSA *MR*
Defendant *LC*
Defense Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-035 |
| v. | * | SECTION: "H" |
| LANCE COLLINS | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

The defendant, Lance COLLINS, has agreed to plead guilty as charged to the Superseding Bill of Information charging COLLINS with Conspiracy to Distribute and Possess With the Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C) and 846. Had this matter proceeded to trial, the government would have proven beyond a reasonable doubt the allegations in the Superseding Bill of Information, namely that the defendant committed the following crimes:

In the fall of 2017, members of the Federal Bureau of Investigation's ("FBI") New Orleans Gang Task Force ("NOGTF") began investigating the distribution of narcotics in the Hollygrove neighborhood of New Orleans, located near the western boundary of Orleans Parish. The NOGTF is a federal law enforcement team comprised of both FBI Special Agents and members of state law enforcement agencies that investigates gang activity in the metropolitan New Orleans area.

The NOGTF began to investigate and conduct surveillance in 2017 at a location known as Mel's Food Store, at the intersection of Marks and General Ogden streets. Mel's Food Store had been operated by Hafiz ALKHAWAJAH since approximately 2015. ALKHAWAJAH was in the store daily, and was in charge of all of the daily aspects of maintaining the store, including but not

1

AUSA *MR*
Defendant *LC*
Defense Counsel *TM*

narcotics purchasers from the neighborhood. Frequently, cars leaving the area would return to the direction of Jefferson Parish via Airline Highway. The NOGTF elected to conduct investigatory stops on these vehicles. Officers conducted approximately 12 investigatory stops in this manner, and began interviewing the narcotics purchasers. From these interviews, agents learned the names or nicknames of drug dealers, their phone numbers, what type of drugs were being sold, and what price the drugs were being sold. Agents then accessed law enforcement databases with this information to identify the suspected narcotics traffickers.

In conjunction with surveillance and drug user interviews, agents used a confidential informant to purchase heroin and cocaine base directly from the targets, including Brian TILLMAN, Corey JOHNSON, Travis CURTIS, and others.

On March 27, 2018, a Judge for the United States District Court for the Eastern District of Louisiana signed an Order authorizing interception of telephone number (504) 205-2198 used by JOHNSON and others. Interceptions began on March 29, 2018 and ended on April 27, 2018. The Court signed a renewal Order May 1, 2018, and interceptions went again through May 30, 2018.

On the first day of interceptions, agents observed dozens of calls and texts to TILLMAN, who was operating the phone that day, requesting to purchase or sell illegal narcotics. Many callers requested "boy," slang for heroin, and "girl," slang for cocaine base. Agents also learned that TILLMAN was operating multiple cell phones to facilitate the distribution of heroin, cocaine base, cocaine and marijuana to customers.

On the first day of interceptions of Target Telephone #1, Lance COLLINS was intercepted calling from phone number (504) 250-8239 to the target number and offering to sell TILLMAN an ounce of heroin for $2,000. On a later call, TILLMAN agrees to buy $1,000 worth of heroin

3

AUSA  MR
Defendant  L.C.
Defense Counsel  TM

from COLLINS. Toll analysis of COLLINS' phone number, (504) 250-8239, and Target Telephone #1 revealed that between June 2017 and December 2018, there were ~~560 contacts~~ multiple contacts between the two numbers.

COLLINS identified (504) 250-8239 as his own phone number to the New Orleans Police Department two separate times on September 14, 2018, when he was interviewed by the police about unrelated matters in which he was a complaining victim.

The FBI interviewed witnesses who provided that COLLINS supplied TILLMAN with between a quarter ounce and an ounce of heroin on at least five occasions. The government and COLLINS agree that COLLINS should be held responsible for the distribution of 79 grams of heroin.

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government and/or Lance COLLINS. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offenses by COLLINS.

AUSA _MR_
Defendant _L.C._
Defense Counsel _____

The above facts come from an investigation conducted by, and would be proven at trial beyond a reasonable doubt by credible testimony from members of the New Orleans Police Department and Special Agents and forensic examiners from the Federal Bureau of Investigation, and admissible, tangible exhibits in the custody of the FBI.

**READ AND APPROVED:**

_____  1/10/20
Townsend Myers          [date]
Counsel for Lance COLLINS

_____  1/10/20
Myles Ranier           [date]
Assistant United States Attorney

_____  1/10/20
Lance COLLINS          [date]
Defendant

5

AUSA  MR
Defendant  L.C
Defense Counsel  TM